Jeffrey L. Hartman, Esq.
Nevada Bar No. 1607
**HARTMAN & HARTMAN**
510 W. Plumb Lane, Suite B
Reno, NV 89509
T: (775) 324-2800
F: (775) 324-1818
notices@bankruptcyreno.com
*Attorney for Christina Lovato, Chapter 7 Trustee and Plaintiff*

Michael S. Budwick, Esq.
Florida Bar No. 938777 (*admitted pro hac*)
mbudwick@melandbudwick.com
Solomon B. Genet, Esq.
Florida Bar No. 617911(*admitted pro hac*)
sgenet@melandbudwick.com
**MELAND BUDWICK, P.A.**
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
T: (305) 358-6363
F: (305) 358-1221
*Attorneys for Christina Lovato, Chapter 7 Trustee and Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>DOUBLE JUMP, INC.<br><br>Debtor. | Lead Case No.: BK-19-50102-gs (Chapter 7)<br><br>Substantively consolidated with:<br><br>{ 19-50130-gs \| DC Solar Solutions, Inc. }<br>{ 19-50131-gs \| DC Solar Distribution, Inc. }<br>{ 19-50135-gs \| DC Solar Freedom, Inc. } |
| CHRISTINA W. LOVATO,<br><br>     Plaintiff,<br>v.<br><br>LBA REALTY FUND II-COMPANY I, LLC,<br><br>     Defendant. | 3:21-cv-00134-MMD<br><br>BK Adversary No.: 21-05027-gs<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW REFERENCE AND TO TRANSFER VENUE [ECF No. 1] AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

Christina Lovato, as the chapter 7 bankruptcy trustee ("***Trustee***" or "***Plaintiff***") for the Debtors'[1] substantively consolidated bankruptcy estates, files this response ("***Response***") to the motion ("***Motion***") filed by defendant LBA Realty Fund II-Company I, LLC ("***Defendant***")

---

[1] "***DC Solar***" or the "***Debtors***" shall mean the above-captioned debtors-in-bankruptcy: DC Solar Solutions, Inc. ("***Solutions***"), DC Solar Distribution, Inc. ("***Distribution***"), DC Solar Freedom, Inc. ("***Freedom***") and Double Jump, Inc. ("***DJ***").

1

seeking to immediately withdraw the reference and transfer venue.[2]

The Trustee objects, in part, to Defendant's request to withdraw the reference and objects to Defendant's request to transfer venue. In support, the Trustee states as follows.

## I. Oral Argument

While the Trustee welcomes the opportunity to provide oral argument, the Trustee does not believe that this matter requires oral argument.

## II. Introduction

The Trustee filed this adversary proceeding ("*Adversary*") in the Bankruptcy Court asserting a fraudulent conveyance claim under Sections 544 and 550 of the Bankruptcy Code and incorporating applicable state law.[3] This is a "core" proceeding and the Bankruptcy Court should preside over all matters until this Adversary is trial-ready.

The Ninth Circuit Court of Appeals, and numerous courts in this Circuit, have explained the compelling rationale for this conclusion. *See e.g., In re Healthcentral.com*, 504 F.3d 775 (9th Cir. 2007); *In re We Ins. Servs., Inc.*, 2019 WL 2436428 (S.D. Cal. June 11, 2019); *In re Bryanna Cooper*, 2018 WL 11277403 (C.D. Cal. Nov. 28, 2018); *In re EPD Inv. Co. LLC*, 2013 WL 5352953 (C.D. Cal. Sept. 24, 2013); *Rosenberg v. Harvey A. Bookstein*, 479 B.R. 584 (D. Nev. 2012); *In re The Mortg. Store, Inc.,* 464 B.R. 421 (D. Haw. 2011). In summary, having the Bankruptcy Court preside over the Adversary until it is trial-ready: (1) is an efficient use of judicial resources; (2) reduces delay and costs to the parties; and (3) promotes the policy goal of uniformity of bankruptcy administration.

For similar reasons, and because the matter is not properly before this Court, the Court should deny the Defendant's request to transfer venue.

## III. The Carpoff Ponzi Scheme and the Bankruptcy Cases

From no later than CY 2012 through December 2018, Jeff Carpoff perpetrated a billion-dollar *Ponzi* scheme through the Debtors, defrauding and harming numerous persons and entities

---

[2] District Court, ECF No. 1.
[3] Bankruptcy Court Adversary, ECF No. 1 ("***Trustee's Complaint***").

("*Carpoff Ponzi Scheme*").[4] Jeff Carpoff perpetrated the Carpoff Ponzi Scheme in connection with more than thirty (30) tax advantaged transactions, where the Debtors offered investors the opportunity to "buy" – but neither take possession of nor responsibility for – certain mobile solar generators ("*MSGs*") in exchange for an eight-or-nine figure investment.[5] Part of the Carpoff Ponzi Scheme was that Jeff Carpoff looted the Debtors for his own personal benefit.[6]

Following a December 2018 law enforcement raid,[7] in January and February 2019 the Debtors filed voluntary petitions commencing bankruptcy cases ("*Bankruptcy Cases*") under chapter 11 of the Bankruptcy Code in the district of Nevada.[8] The lead debtor – DJ – is a Nevada corporation, and Solutions and Distribution were both registered to do business in Nevada.[9] On March 20, 2019, the Bankruptcy Court ordered the cases converted to cases under chapter 7 of the Code.[10] On March 22, 2019, the Trustee was appointed as chapter 7 trustee for the Debtors.[11]

The Bankruptcy Court has presided over numerous matters since the Debtors' bankruptcy filings over two years ago, including: (1) matters leading to the conversion of the cases; (2) discovery disputes;[12] (3) establishing a protocol for the remote-taking of Fed.R.Bank.P. 2004 sworn oral examinations due to COVID-19;[13] and (3) matters related to the Debtors' rights in and to thousands of MSGs.[14] Moreover, the Trustee has presented to the Bankruptcy Court for approval motions to approve settlements under Fed.R.Bank.P. 9019 of (among other matters) certain of the Trustee's fraudulent conveyance and other avoidance claims with: (i) a financial institution; (ii) a private equity firm; and (iii) more than a dozen investors in the Debtors.[15] As part of this process,

---

[4] Trustee's Complaint, ¶13; Order Granting Trustee's Motion for Substantive Consolidation [Main Bankruptcy Case, ECF No. 2613] ("*Sub-Con Order*"), ¶¶13-15.
[5] Trustee's Complaint, ¶¶7-12; Sub-Con Order, ¶¶3-4.
[6] Trustee's Complaint, ¶¶15, 27.
[7] Trustee's Complaint, ¶19; Sub-Con Order, ¶16.
[8] Trustee's Complaint, ¶21; Sub-Con Order, ¶34.
[9] Sub-Con Order, ¶18.
[10] Main Bankruptcy Case, ECF Nos. 377 & 389; *see also generally*, docket, and specifically, ECF Nos. 106 and 239.
[11] Main Bankruptcy Case, ECF No. 439.
[12] Main Bankruptcy Case, ECF Nos. 2181, 2217, 2222 & 2313.
[13] Main Bankruptcy Case, ECF Nos. 1734, 1770, 1778, 1781, 1790, 1795 & 1831.
[14] *See e.g.*, Main Bankruptcy Case, ECF Nos. 773, 930, 1391, 1471, 1933, 1958, 2019 & 2020.
[15] Main Bankruptcy Case, ECF Nos. 2444, 2537, 2481, 2530 & 2614.

3

the Bankruptcy Court "allowed" through a multi-tier procedure hundreds of millions of dollars of claims against the Debtors' bankruptcy estates, and allocated the sale-proceeds of thousands of MSGs.[16] And the Bankruptcy Court has entered a wide-ranging Order – included findings of fact and conclusions of law – substantively consolidating the four Debtors' estates into a single bankruptcy estate pursuant to Section 105 of the Bankruptcy Code.[17]

To date, the Trustee has filed forty-one (41) adversary proceedings before the Bankruptcy Court and in the Bankruptcy Cases.[18] The Trustee seeks to avoid and recover fraudulent conveyances (under Federal and/or state law) in nearly every one of those proceedings. These adversary proceedings involve overlapping legal and factual issues, such as insolvency, the fraudulent intent behind the transfers to facilitate the Carpoffs' looting, the existence of the Ponzi scheme, and the application of avoidance statutes. The Court has extended the deadline for the Trustee to bring certain claims pursuant to Sections 108 and 546 of the Bankruptcy Code.[19] Moreover, the Trustee has agreed to more than a dozen tolling agreements. As a result, the Trustee anticipates she may bring many more adversary proceedings.

**IV.    The Adversary is a "Core" Proceeding**

In the Adversary, the Trustee seeks to avoid and recover a fraudulent conveyance; this is a statutory "core" proceeding, as admitted by the Defendant.[20] A state law fraudulent conveyance claim is a "core" proceeding under 28 U.S.C. § 157(b), but the claim may not, as a constitutional matter, be adjudicated to "final" judgment by a bankruptcy court.[21] Rather, the "bankruptcy court [has] statutory authority to hear and enter proposed findings of fact and conclusions of law in a fraudulent conveyance proceeding asserted by a bankruptcy trustee against a noncreditor, subject

---

[16] Main Bankruptcy Case, ECF No. 2614.
[17] Main Bankruptcy Case, ECF Nos. 2324, 2415, 2417 & 2613 (Sub-Con Order).
[18] *See generally*, docket, Main Bankruptcy Case.
[19] Main Bankruptcy Case, ECF No. 2527.
[20] Bankruptcy Adversary, ECF No. 8 (Defendant's Answer), ¶3; *see also We Ins. Servs.,* 2019 WL 2436428, *2; *EPD*, 2013 WL 5352953, *4.
[21] *Myers v. Blumenthal*, 534 B.R. 6, 9 (D. Neb. 2015) *citing Executive Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165, 2174 (2014).

to *de novo* review by a federal district court."[22]

While the fact that the Adversary is a "core" proceeding favors the Trustee's position and weighs against the Defendant's requested relief, this Court has also rejected a defendant's request to withdraw the reference where the underlying claim was non-core.[23]

### V.  This Court Should Withdraw the Reference When the Adversary is Trial-Ready

This Court should not withdraw the reference until this Adversary is trial-ready.

#### A.  The Standard

The U.S. District Court for the District of Nevada refers all cases arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code to the U.S. Bankruptcy Court for the District of Nevada.[24] Here, the Defendant seeks permissive withdrawal, *i.e.,* for "cause," under 28 U.S.C. §157(d).[25] "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."[26]

#### B.  The Defendant Bears The Burden

The Defendant bears the burden to show that the reference should be withdrawn.[27] The standard is "high," and relief granted only "in a limited number of circumstances."[28]

#### C.  Judicial Economy, And Delay And Costs

In *EPD*, the California district court denied the defendant's motion to withdraw the reference of the trustee's fraudulent conveyance adversary proceeding, reasoning in part that:

> [H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues.  <u>Having the bankruptcy court submit proposed findings of fact and conclusions of law in fraudulent conveyance cases promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge</u>

---

[22] *EPD*, 2013 WL 5352953, *4 *quoting In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 566 (9th Cir. 2012), *aff'd sub nom. Exec. Benefits*, 134 S.Ct. 2165; *see Rosenberg*, 479 B.R. at 588-90.
[23] *See In re Access Ins. Servs., Inc.*, 2014 WL 6065641 (D. Nev. Nov. 12, 2014).
[24] Local Rules of Bankruptcy Practice, U.S. District Court for the District of Nevada ("***Local Rules***") §1001(b)(1).
[25] District Court, ECF No. 1, ¶2; *see also, e.g.,* ¶¶3 & 5.
[26] *Id*. at *5 (quotations omitted).
[27] *EPD*, 2013 WL 5352953, *6.
[28] *Id.* at *5; *Mortg. Store*, 464 B.R. at 428.

5

of Title 11 and familiarity with the actions before them.[29] The *EPD* court rejected that defendant's argument (also made by this Defendant[30]) that unnecessary costs are avoided by withdrawal of the reference because of the district court's review, reasoning that "any inefficiency created by the need for de novo review is outweighed by other efficiencies gained in leaving the proceedings in bankruptcy court."[31]

That is equally true here. The Bankruptcy Court has presided over these Bankruptcy Cases for more than two years and has ruled on a myriad of issues relating to the Carpoff Ponzi Scheme and the Debtors' claims, assets, and creditor body. The Bankruptcy Court is very experienced and familiar with Title 11 and fraudulent conveyance actions. And the Trustee has brought dozens of other adversary proceedings seeking similar relief before the Bankruptcy Court. It is more efficient – and certainly the Defendant has not satisfied its heavy burden to show otherwise – for the Bankruptcy Court to preside and decide in the first instance.

### D. Uniformity Of Bankruptcy Administration

The policy of uniformity of bankruptcy administration favors denial of the Defendant's request to withdraw the reference. The Trustee asserts in this Adversary – near-identical to the Trustee's assertions in nearly all (if not all) of the forty (40) other adversary proceedings she has brought in the Bankruptcy Court – that per the Carpoff Ponzi Scheme the Debtors made transfers with the intent to "hinder delay or defraud creditors."[32] The Trustee intends to utilize, perhaps among other bases, the "Ponzi presumption" to establish this wrongful intent.[33]

Because (1) the Bankruptcy Court has already considered, in part, matters related to the Trustee's claims in this Adversary,[34] and is otherwise experienced with the unique issues in these

---

[29] *EPD*, 2013 WL 5352953, *6 (quotations and citations omitted, emphasis added); *see also We Ins. Servs.*, 2019 WL 2436428, *3; *Rosenberg*, 479 B.R. at 591-92.
[30] District Court, ECF No. 1, ¶9.
[31] *EPD*, 2013 WL 5352953, *5 (notations omitted); *see also Healthcentral.com*, 504 F.3d at 787–88 (having the bankruptcy court hear these actions "promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them"); *Access*, 2014 WL 6065641, *3; *Mortg. Store*, 464 B.R. at 428-29.
[32] Bankruptcy Adversary, ECF No. 1, ¶32; *see also* ¶¶13 & 27.
[33] *See e.g.*, *In re Nat'l Consumer Mortg., LLC*, 2013 WL 164247, *11 (D. Nev. Jan. 14, 2013).
[34] *See e.g.*, Sub-Con Order, ¶¶3-45.

6

Bankruptcy Cases; (2) the Trustee is prosecuting other adversaries with substantially similar facts and claims before the Bankruptcy Court; and (3) the Trustee's fraudulent conveyance claims would not exist absent the bankruptcy;[35] "uniformity of bankruptcy administration" favors denial of the Defendant's request to withdraw the reference.

### E. Forum Shopping

The Defendant does not contend that the Trustee is forum shopping, and the Trustee does not contend that the Defendant is forum shopping. Therefore, this factor is neutral and does not assist the Defendant in satisfying its burden.[36]

### F. Centralization Of Disputes

There is a strong bankruptcy policy favoring centralization of disputes before the Bankruptcy Court.[37] The Defendant's requested relief runs directly contrary to this well-settled rule. Just as the Trustee is bringing, seeking to resolve, and has resolved, fraudulent conveyance and other disputes related to the Debtors before the Bankruptcy Court, this Adversary should also remain before the Bankruptcy Court until the proceeding is trial-ready.

### G. The Defendant's Jury Trial Request Does Not Give Rise To Withdrawal Of The Reference At This Time; Only When The Adversary Is Trial-Ready

The Defendant seeks a jury trial, which the Bankruptcy Court may conduct only with consent of both parties (and the Defendant does not consent).[38] However, this only demonstrates "cause" to withdraw the reference <u>when the matter is trial-ready</u>, not in its earlier stages. And it is quite possible that the Trustee will seek to resolve this Adversary at summary judgment, negating any need for a jury trial.

*First*, the Local Rules have set a procedure for just this situation, whereby the Bankruptcy Court handles all matters in an adversary until such time as it is ready for a jury trial.

---

[35] *Bryanna Cooper*, 2018 WL 11277403, *3 *citing In re John Christopher O'Connor*, 2016 WL 1718366, *3 (C.D. Cal. Apr. 29, 2016).
[36] *Bryanna Cooper*, 2018 WL 11277403, *4.
[37] *In re Eber*, 687 F.3d 1123, 1131 (9th Cir. 2012); *Balboa Cap. Corp. v. Siddiqui Transitions MHT LLC*, 2017 WL 7806635, *3 (C.D. Cal. Aug. 23, 2017) (identifying the "strong public policy favoring centralization of bankruptcy proceedings in a bankruptcy court").
[38] 28 U.S.C. §157(e); Motion, ¶6.

>**Consent and withdrawal**. Upon the court's determination that the demand was timely made and the party has a right to a jury trial, and if all parties have not filed a written consent or consented on the record to a jury trial in the bankruptcy court, the bankruptcy court will certify the matter to the district court. Upon certification, the district court will open a new civil matter, and will assign a date for trial. ***Unless the assigned judge orders otherwise, all proceedings will continue in the bankruptcy court until the matter is ready for trial.***[39]

*Second*, the Defendant's assertion that the reference must be withdrawn immediately where a jury trial is sought[40] is contrary to governing law. In *In re Healthcentral.com*, the Ninth Circuit Court of Appeals surveyed the decisional law and concluded: "Universally these courts have all reached the same holding, that is, a Seventh Amendment jury trial right does not mean that bankruptcy courts must instantly give up jurisdiction and that the case must be transferred to the district court."[41] Rather, the Ninth Circuit held that the bankruptcy court should retain jurisdiction over the pre-trial proceedings, reasoning as follows:

>First, allowing the bankruptcy court to retain jurisdiction over pre-trial matters, does not abridge a party's Seventh Amendment right to a jury trial…. A bankruptcy court's pre-trial management will likely include matters of "discovery," "pre-trial conferences," and routine "motions," which obviously do not diminish a party's right to a jury trial. Moreover, even if a bankruptcy court were to rule on a dispositive motion, it would not affect a party's Seventh Amendment right to a jury trial, as these motions merely address whether trial is necessary at all.
>
>Second, requiring that an action be immediately transferred to district court simply because of a jury trial right would run counter to our bankruptcy system. Under our current system Congress has empowered the bankruptcy courts to "hear" Title 11 actions, and in most cases enter relevant "orders." As has been explained before, this system promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them. Accordingly, if we were to require an action's immediate transfer to district court simply because there is a jury trial right we would effectively subvert this system. Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out.[42]

The Defendant's contention is incorrect. The Court should only withdraw the reference when the Adversary is trial-ready.

---

[39] Local Rule 9015(e) (emphasis added).
[40] District Court, ECF No. 1, ¶¶3-6.
[41] 504 F.3d 775, 787 (9th Cir. 2007) (citing cases, emphasis added).
[42] *Id*. (internal citations omitted and emphasis added).

### VI. This Court Should Deny The Defendant's Motion To Transfer Venue

For both procedural and substantive reasons, this Court should deny the Defendant's request to transfer venue for this Adversary to the District Court for the E.D. of California. As a threshold item, the Defendant is a Delaware entity with a Delaware registered agent.[43]

#### A. The Defendant Improperly Brings The Claim In This Court, And At This Time.

If this Court – as the Trustee asserts – denies the Defendant's request to "immediately" withdraw the reference, then the Bankruptcy Court should decide its request to transfer venue. In *Mortgage Store*, the bankruptcy trustee brought a fraudulent conveyance adversary against the defendant, and the defendant sought to: (1) withdraw the reference; and (2) transfer venue. After denying the former on the merits, the Court denied the latter as "moot."[44] So too, here.

Moreover, Local Rule 5011(d) entitled "Withdrawal of the Reference" directs that "[a]ll pleadings or papers, other than those relating to the motion to withdraw the reference, must continue to be filed with the clerk of the bankruptcy court." (emphasis added). The Defendant improperly seeks venue-transfer from this Court, and this Court should deny that relief.

#### B. The Defendant Fails To Show That Venue Should Be Transferred.

The Defendant – a Delaware entity with a Delaware registered agent – fails to show that venue should be transferred. The Defendant cites two statutes, 28 U.S.C. §§ 1404(a) and 1412 and asserts that "under either venue-transfer statute, the Court has the discretion to order a transfer for the convenience of the parties and witnesses or in the interests of justice."[45]

#### 1. The Defendant Bears The Burden.

The Defendant bears the burden to establish that venue-transfer is warranted.[46] This is a

---

[43] Bankruptcy Adversary, ECF No. 1, ¶2 & ECF No. 8, ¶2; *see also* Delaware Secretary of State website, of which this court may take judicial notice. *See Langer v. U.S. Green Techs., Inc.*, 2020 WL 7353447, *3 (S.D. Cal. Dec. 14, 2020); F.R.E. 201.
[44] *Mortg. Store*, 464 B.R. at 429 (emphasis in original).
[45] District Court, ECF No.1, ¶11. The Trustee notes that "[a] majority of courts consider 28 U.S.C. §1412 to be the appropriate authority for transfer of bankruptcy proceedings." *In re Terry Mfg. Co. Inc.*, 323 B.R. 507, 509 (Bankr. M.D. Ala. 2005).
[46] *In re DRI Companies*, 552 B.R. 195, 197 (Bankr. C.D. Cal. 2016).

9

heavy burden, and "[t]he power to transfer a case should be exercised cautiously."[47]

### 2. The "Interests Of Justice" Factors Demonstrate That The Motion Should Be Denied.

The "interests of justice" prong of the test directs consideration of the following factors,[48] the heavy majority of which favor denial of the motion to transfer:

<u>The Economics of Estate Administration</u>. "The most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate."[49] This factor weighs heavily in favor of keeping the Adversary in the Bankruptcy Court. Among other things, the Trustee is Nevada-based, her general counsel (who is also special litigation counsel's local counsel) is Nevada-based,[50] and the Trustee is prosecuting dozens of other similar adversary proceedings in the Nevada Bankruptcy Court,[51] as well as generally administering the Bankruptcy Cases in the Nevada Bankruptcy Court. Bankruptcy Judge Spraker is not only well-experienced in fraudulent conveyance and other matters related to Title 11 but has already spent significant time and effort addressing issues unique to these Bankruptcy Cases.

<u>Plaintiff's Original Choice Of Forum</u>. Per 28 U.S.C. §1409, the Trustee properly filed the Adversary in the Bankruptcy Court. As plaintiff, the Trustee is the "master of her case"[52] and entitled to deference to her choice of forum - this factor favors denial of the Motion.

<u>Presumption In Favor Of The "Home Court."</u> The Bankruptcy Court is the "home court" and the Trustee gets the benefit of this presumption, favoring denial of the Motion.[53] And rightly so – the Bankruptcy Court has a long history in these Bankruptcy Cases, having considered and ruled on a wide range of substantive and procedural issues affecting the Debtors' estates.

---

[47] *Terry Mfg.*, 323 B.R. at 509 (citing cases).
[48] *DRI,* 552 B.R. at 197.
[49] *Id.*
[50] Main Bankruptcy Case, ECF Nos. 518 & 689.
[51] *Terry Mfg.*, 323 B.R. at 510 (other pending adversaries indicates that the adversary-at-issue will be more efficiently and expeditiously resolved in the Bankruptcy Court).
[52] *Siegler v. Sorrento Therapeutics, Inc.*, 2019 WL 4141246, *2 (S.D. Cal. Aug. 30, 2019), rec'd denied, 2019 WL 4261054 (S.D. Cal. Sept. 9, 2019).
[53] *Terry Mfg.*, 323 B.R. at 509 ("strong presumption in favor of maintaining venue where the bankruptcy case is pending.") (citing cases).

Judicial Efficiency. As stated by the Ninth Circuit in *Healthcentral.com* and other decisions discussed above, "[o]nly by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we [the Ninth Circuit] ensure that our bankruptcy system is carried out."[54] This factor, too, favors denial of the Motion.

The Ability To Receive A Fair Trial. The Trustee submits this factor is neutral - both the Bankruptcy Court and the U.S. District Court for the E.D. California can fairly preside over the matter. Thus, the Defendant has failed to meet its burden.

The State's Interest In Having Local Controversies Decided Within Its By Those Familiar With Its Laws. The Trustee is a Nevada-plaintiff, and the Defendant is a Delaware entity with a Delaware registered agent. This is not a "local" California-controversy. The Trustee brings a state law fraudulent conveyance action, a core proceeding which she has the exclusive authority[55] to assert under Section 544 of the Code due to the pendency of the Debtors' Nevada bankruptcy cases. Moreover, State and Federal fraudulent conveyance law are "similar in form and substance,"[56] and thus the Bankruptcy Court is very familiar with applicable law. This factor, too, favors the Trustee.

The Enforceability Of The Judgment. The Trustee submits this factor is neutral – a judgment will be enforceable against the Delaware-Defendant upon domestication whether the Motion is granted or not. Thus, the Defendant has failed to meet its burden.

The Trustee submits that the majority, if not all, of the factors favor denial of the Motion.

**3. The "Convenience of Parties" Factors Show That The Motion Should Be Denied.**

The "convenience of the parties" prong of the test directs consideration of the following factors,[57] each of which favors (or otherwise the Defendant has not carried its burden) denial of the motion to transfer:

---

[54] 504 F.3d at 787.
[55] *See e.g., In re Curry and Sorensen, Inc.*, 57 B.R. 824 (9th Cir. BAP 1986).
[56] *In re United Energy Corp.*, 944 F.2d 589, 594 (9th Cir.1991).
[57] *DRI*, 552 B.R. at 197.

11

Location Of The Plaintiff And The Defendant. The Trustee is a Nevada plaintiff, and the Defendant is a Delaware entity.[58] This factor favors denial of the Motion.

Ease Of Access To Necessary Proof. "If a motion to transfer venue is based on the location of records and documents, the defendant must show *with particularity* the location, difficulty of transportation, and the importance of such records."[59] The Defendant has not done so in the Motion and has failed to satisfy its burden. And for good reason. The Nevada-based Trustee has worked hard to gather the Debtors' records as part of her charge in the Nevada Bankruptcy Cases, following law enforcement's raid on certain of the Carpoffs' offices.[60] And the Defendant is a Delaware-entity, so it would have equal "access" whether in Nevada or California. Further, "[i]n this digital age of easy and instantaneous electronic transfer of data," this factor carries less weight in the transfer analysis.[61]

Convenience Of Witnesses. "The party seeking transfer must clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included."[62] The Defendant has not done so and fails to meet its burden. And witnesses will not be more "convenience[d]" in California: (1) Jeff Carpoff and his wife, Paulette Carpoff, key witnesses, have pled guilty to crimes and the Trustee expects the Bureau of Prisons to dictate their locale;[63] (2) the Trustee is Nevada-based; and (3) the Defendant is a Delaware entity. Further, the use of "zoom" and other remote means of witness-involvement, especially following the COVID-

---

[58] Bankruptcy Adversary, ECF No. 1, ¶2 & ECF No. 8, ¶2.
[59] *Natkin v. Am. Ost. Ass'n*, 2016 WL 7486597, *9 (C.D. Cal. July 22, 2016) (emphasis added); see also *Terry Mfg.*, 323 B.R. at 511.
[60] *See generally*, Main Bankruptcy Case docket; Bankruptcy Adversary, ECF No. 1, ¶19; Sub-Con Order, ¶18.
[61] *U.S. v. H&R Block, Inc.*, 789 F.Supp.2d 74, 83 (D.D.C. 2011); *Natkin*, 2016 WL 7486597, *9.
[62] *Shipping & Transit LLC v. Adorama, Inc.*, 2016 WL 9114146, *3 (C.D. Cal. Aug. 23, 2016) (quotations omitted).
[63] *See e.g., U.S.A. v. Jeff Carpoff*, Case No. 20-00017 (E.D. Ca.); *U.S.A. v. Paulette Carpoff*, Case No. 20-00018 (E.D. Ca.).

19 pandemic,[64] reduces the weight of this factor. Indeed, upon the Trustee's motion, the Bankruptcy Court established a protocol for remote sworn testimony in the Bankruptcy Cases.[65]

<u>Availability Of Subpoena Power For The Unwilling Witnesses</u>.  The Trustee submits this factor is neutral, as the Bankruptcy Court's subpoena power has equal limitations as the California district court.[66]  The Defendant has not carried its burden.

<u>Expenses Related To Obtaining Witnesses</u>.  The Defendant provides zero data on this factor and has not carried its burden.

The "convenience of the parties" factors weighs in favor (like the "interests of justice" factors) of denying the Defendant's transfer request.

**CONCLUSION**

The Nevada-based Trustee appointed in Nevada Bankruptcy Cases where the lead debtor is a Nevada entity has properly brought the Adversary, a "core" proceeding which she has the exclusive authority to bring under the Section 544 of the Code, before the Nevada Bankruptcy Court, where she has also asserted dozens of other similar adversary proceedings seeking similar relief.  The Bankruptcy Court has presided over a wide range of other Debtors-related matters over the past two-plus years, utilizing its unique and specialized familiarity over these and other bankruptcy issues, in entering procedural and substantive rulings.

The Defendant, a Delaware-entity, seeks relief that would do injury to judicial economy, the Trustee's efforts to efficiently administer the bankruptcy estate, and numerous bankruptcy-connected and otherwise public and private interests, by withdrawing the reference and transferring the Adversary to a California district court.  The Defendant has failed to satisfy its heavy burden on both fronts.

---

[64] *Moisman v. C & E Excavating, Inc.,* 2021 WL 1100597, *2 (N.D. Ind. Mar. 23, 2021) ("Courts all around the country have found that the health concerns created by the COVID-19 pandemic are a legitimate reason to take a deposition by remote means.") (quotations omitted, citing cases).
[65] Main Bankruptcy Case, ECF No. 1831.
[66] *In re Grant*, 2013 WL 4462706, *6 (Bankr. N.D. Ohio Aug. 19, 2013).

**WHEREFORE**, Plaintiff respectfully requests that the Court deny the Defendant's request to withdraw the reference until the Adversary is trial-ready, and deny the Defendant's request for venue-transfer, and grant further relief as the Court deems just and proper.

DATED: April 2, 2021.

        **HARTMAN & HARTMAN**

        */s/ Jeffrey L. Hartman*
        Jeffrey L. Hartman, Esq., Attorney for Plaintiff Christina W. Lovato

        **MELAND BUDWICK, P.A.**

        */s/ Michael S. Budwick*
        Michael S. Budwick, Esq., Pro Hac Vice Admission in the Bankruptcy Court
        Solomon B. Genet, Esq., Pro Hac Vice Admission in the Bankruptcy Court
        Attorneys for Plaintiff Christina W. Lovato

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system on April 2, 2021.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATED: April 2, 2021.

/s/ *Jeffrey L. Hartman*
Jeffrey L. Hartman, Esq.