SEYFARTH SHAW LLP
M. RYAN PINKSTON ESQ.
CA Bar No. 310971
E-mail: rpinkston@seyfarth.com
(*Admitted Pro Hac Vice*)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone (415) 544-1013
Facsimile (415) 397-8549

*Attorneys for LBA Realty Fund II-Company I, LLC*

GARMAN TURNER GORDON LLP
TALITHA GRAY KOZLOWSKI, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gtg.legal
MARK M. WEISENMILLER, ESQ.
Nevada Bar No. 9605
E-mail: mweisenmiller@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112

*Attorneys for LBA Realty Fund II-Company I, LLC*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DOUBLE JUMP, INC.,<br><br>Debtor. | Lead Case No.: BK-S-19-50102-gs<br>Chapter 7<br><br>Substantively Consolidated with:<br><br>{ table below } |

| | |
|---|---|
| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

| | |
|---|---|
| CHRISTINA W. LOVATO,<br><br>Plaintiff,<br><br>v.<br><br>LBA REALTY FUND II-COMPANY I, LLC<br><br>Defendant. | Case No. 3:21-cv-00134-MMD<br><br>Adv. No. 21-05027-gs<br><br>**LBA REALTY FUND II-COMPANY I, LLC'S REPLY IN SUPPORT OF MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING AND TRANSFER VENUE**<br><br>**RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE**<br><br>Hearing Date: To be determined<br>Hearing Time: To be determined<br>Estimated Time for Hearing: To be determined |

# INTRODUCTION[1]

The Court should immediately withdraw the reference of this adversary proceeding to the Bankruptcy Court given that the Bankruptcy Court is constitutionally prohibited from adjudicating the Trustee's claims against LBA and also cannot conduct the jury trial to which LBA is entitled. The Trustee concedes both of these significant points, but nonetheless incorrectly insists that litigating before the Bankruptcy Court and then litigating again before this Court will not result in duplication of efforts, inefficiencies, delay, and increased costs to the parties. The Trustee's additional arguments that the Bankruptcy Court has oversight over separate bankruptcy cases and that the Trustee has filed additional adversary proceedings have no bearing on the outcome of this adversary proceeding and should not guide this Court's decision here. Withdrawal of the reference of this adversary proceeding will not interfere with the uniform administration of those separate bankruptcy cases (the Trustee does not argue to the contrary), and the Trustee's suggestion that rulings reached in those bankruptcy cases or in other adversary proceedings would apply in this action raises significant due process concerns and exposes the Trustee's forum shopping.

Contrary to the Trustee's statements in the Opposition (at 8:6-7), LBA does not argue that immediately withdrawal of the reference is *mandatory*. Rather, as LBA explained in its Motion (at ¶¶ 7-8), because the Bankruptcy Court lacks constitutional authority to enter a final judgment (at any stage of the proceedings) and only this Court (or another federal district court) may conduct the required jury trial, this Court should exercise its discretion to withdraw the reference at this time and be involved in the steps leading up to dispositive motion practice and a jury trial. As many other courts have explained, immediately withdrawal of the reference is prudent so that the district court that will oversee the trial may become familiar with the matter.

Furthermore, the Trustee's Opposition does nothing to diminish that the events at issue in this action occurred in California, that the Trustee's substantive claim is based exclusively on California state law,[2] that the debtor entity at issue is a California corporation headquartered in

---

[1] Capitalized terms have the meanings ascribed to them in LBA's Motion to Withdraw Reference of Adversary Proceeding and Transfer Venue (Dkt. No. 1) ("Motion").
[2] The Trustee's claims based on the Bankruptcy Code are merely procedural and provide that the Trustee has the authority to bring the substantive California state law claims and the right

California, and that the real property transaction in question involves a California parcel that is already the subject of an action pending in the Eastern District of California. The Trustee essentially asks the Court to prioritize over all else the happenstance of the Trustee's location and the pendency in Nevada of other proceedings that have no bearing on the outcome of this action. The Trustee's analysis of the non-exhaustive list of factors that courts sometimes consider is reflexive and purposefully ignores the numerous California-centric facts, witnesses, and law at issue here. Transfer of this action to the Eastern District of California is appropriate.

The Court should grant LBA's Motion in its entirety.

## ARGUMENT

**I.    Withdrawal Of The Reference Of This Adversary Proceeding Is Appropriate At This Time.**

The Trustee does not dispute that the reference of this adversary proceeding must be withdrawn at some point in time. Indeed, the Trustee concedes that the claims at issue here "may not, as a constitutional matter, be adjudicated to 'final' judgment by a bankruptcy court." (Trustee's Response in Opposition to Defendant's Motion to Withdraw Reference and Transfer Venue (Dkt. No. 11) ("Opposition"), at 4:18-19.) The Trustee suggests, however, that the reference should be maintained because the Bankruptcy Court has statutory authority "to hear and enter proposed findings of fact and conclusions of law . . . subject to *de novo* review" by this Court. (*Id.* at 4:20-5:1.) The Trustee's suggestion is flawed, however, given the Trustee's equally important concession that the Bankruptcy Court is also constitutionally prohibited from conducting the jury trial to which LBA is entitled. (*Id.* at 7:17-18.) In other words, the Bankruptcy Court cannot hear the Trustee's claims in this action and propose findings of fact and conclusions of law given the constitutional prohibition on the Bankruptcy Court conducting a jury trial.

The Trustee's next argument is that judicial economy, delay, and costs to the parties favor maintaining the reference of this adversary proceeding until this action is trial ready. However, the Trustee's analysis is based on the flawed premise that the Bankruptcy Court's ruling on

---

to recover if the Trustee prevails on such California state law claims.

Garman Turner Gordon LLP
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

"myriad" issues relating to the separate bankruptcy cases will create efficiencies here. The question is whether withdrawal of the reference *of this adversary proceeding* will promote judicial economy, the preservation of resources, and expediency. The answer unquestionably is yes. As LBA has explained (and the Trustee does not refute), this adversary proceeding is in its procedural infancy. No discovery has occurred, no scheduling orders are in place, and no decisions have been rendered. (Motion, at ¶ 8.) Under such circumstances, no efficiency is to be gained by maintaining the reference of the Adversary to the Bankruptcy Court. *See Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP (In re Thelen LLP)*, 462 B.R. 457, 473 (S.D.N.Y. 2011) ("[T]here is no reason **not** to do now what must be done eventually.") (emphasis added); *In re Align Strategic Partners LLC*, No. 18-03325, 2019 Bankr. LEXIS 1906, at *7-9 (Bankr. S.D. Tex. Mar. 5, 2019) (withdrawal of reference appropriate where, as here, bankruptcy court has not developed familiarity with particular adversary proceeding).

Furthermore, the Trustee's concession that only this Court (or another federal district court) has authority to enter final orders or a final judgment in this action necessarily guarantees a duplication of efforts and waste of resources if the reference is maintained. In fact, under the Trustee's best-case scenario, this Court must still conduct a *de novo* review of the proceedings before the Bankruptcy Court. (*See* Opposition, at 4:21:5-1). The parties should not be forced to litigate before the Bankruptcy Court and then litigate all over again before this Court. Recognizing this fact, other judges in this Court have granted motions to withdraw the reference in similar scenarios. *See, e.g.*, *Bagley v. Beville*, No. 13-cv-1119, 2013 U.S. Dist. LEXIS 100488 (D. Nev. July 18, 2013) (Mahan, J.) (withdrawing reference appropriate given state law claims subject to *de novo* review, even for pretrial motions, and delay and cost created by duplication of efforts between two courts, and adjudication could not possibly disrupt uniformity of bankruptcy administration); *Nelson v. XL Am., Inc. (In re Ameri-Dream Realty)*, No. 16-cv-00060 (D. Nev. Nov. 14, 2016) (Dorsey, J.) (withdrawing reference before decision on dispositive motion that would be subject to *de novo* review based on efficiency); *Shengdatech Liquidating Trust v. Hansen, Barnett, & Maxwell, P.C.*, No. 13-cv-00563, 2013 U.S. Dist. LEXIS 168086 (D. Nev. Nov. 26, 2013) (Jones, J.) (requirement of *de novo* review of all dispositive recommendations increases costs and delay,

and adjudication could not possibly disrupt uniformity of bankruptcy administration); *Herbst Gaming, Inc. v. Insurcorp (In re Zante, Inc.)*, No. 10-cv-00231, 2010 U.S. Dist. LEXIS 137691 (D. Nev. Dec. 29, 2010) (Jones, J.) (withdrawal of reference will save time and money given requirement for *de novo* review).

The Ninth Circuit has also endorsed withdrawal of the reference where, as here, a district court necessarily must review *de novo* a bankruptcy court's findings of fact and conclusions of law even if the reference is maintained. *See Sec. Farms v. Int'l Bd. of Teamsters, Chauffeurs, Warehousemen and Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). As the Ninth Circuit observed, it is both more efficient and less costly to have a single proceeding in the district court. *Id.* at 1009. Also, the Trustee does not dispute that numerous other courts have withdrawn the reference of an adversary proceeding at preliminary stages in light of the efficiencies and judicial economy to be gained. (*See* Motion, at ¶ 9.)

Three of the factors addressed by the Trustee warrant special mention here, because they are inapposite to the instant motion or favor immediate withdrawal of the reference. First, as Judge Jones and Judge Mahan previously recognized, withdrawal of the reference of an adversary proceeding does not impact the uniformity of a bankruptcy court's administration of a bankruptcy case. *See Bagley*, 2013 U.S. Dist. LEXIS 100488; *Shengdatech*, 2013 U.S. Dist. LEXIS 168086. The Trustee's California state law fraudulent conveyance claim simply has no bearing on the uniformity of the administration of the entirely separate bankruptcy cases. Second, the Trustee suggests at several points that the Bankruptcy Court has already reached conclusions that dictate the outcome of this adversary proceeding. (*See* Opposition, at 3:12-4:5, 6:7-8, 6:20-7:1.) It is plain that the Trustee prefers to maintain the reference of this adversary proceeding in order to take advantage of what the Trustee perceives to be a favorable forum and leverage the Bankruptcy Court's preconceived notions regarding the facts of this case to LBA's detriment. That sort of forum shopping (and also LBA's fundamental due process rights) expressly favors withdrawal of the reference. Finally, the Trustee argues that a policy favoring centralization of disputes before the Bankruptcy Court favors denying LBA's instant motion, but the Trustee's authorities address a bankruptcy court's refusal to compel arbitration of claims asserted *against* the debtor that were

Garman Turner Gordon LLP
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

5

intertwined with issues in the main bankruptcy case, *see Ackerman v. Eber (In re Eber)*, 687 F.3d 1123, 1130-31 (9th Cir. 2012), and a district court's *refusal* to transfer state-law claims to a bankruptcy pending in a different state in light of forum selection clauses, *see Balboa Capital Corp. v. Siddiqui Transitions MHT LLC*, No. 17-cv-01107, 2017 U.S. Dist. LEXIS 219888, at *7 (C.D. Cal. Aug. 23, 2017).

The Court should reject the Trustee's invitation to duplicate efforts, increase costs to the parties, the Bankruptcy Court, and this Court, and insert unnecessarily delay into this proceeding. The Court should grant LBA's motion and immediately withdraw the reference.

**II.     After Withdrawing The Reference, The Court Should Transfer Venue Of This Action To The Eastern District Of California.**

As a preliminary matter, the Trustee is incorrect that this Court cannot decide a motion to transfer venue based on the Bankruptcy Court's Local Rules.  Those rules have no application in this Court, and even if they did, those rules do not trump this Court's authority under federal statutes or as the Court of original jurisdiction over this adversary proceeding to transfer it to another venue.  Notably, the Trustee cites no authority in support of her proposition.

Turning to the substance of the issue, the Trustee does not contest that the Complaint is predicated upon a fraudulent scheme perpetrated in California by individuals residing in California through a California limited liability company headquartered in California and involves claims related to the sale of a parcel of real property located in the Eastern District of California.  (*See* Complaint, at ¶¶ 2, 5, 22, 23, 27.)  Nor does the Trustee dispute that the key witnesses to the underlying facts are located in California.  (*See* Opposition, at 12:15; *see also* Motion, at ¶ 13 (pointing out Trustee's reference to "insiders" with knowledge who presumably are located in California.)  Nor does the Trustee dispute that the substantive claim in the Complaint is based on California state law and that the State of California has an interest in resolving within its borders a controversy arising out of events that occurred in California.  (*See* Motion, at ¶ 14.)

In fact, stripped to its essence, the Trustee's opposition to a transfer of venue relies principally on two insignificant facts: (1) the Trustee is located in Nevada; and (2) the main bankruptcy cases are pending before the Bankruptcy Court in Nevada.  The Trustee, as an

appointed representative, is not a fact witness to the events underlying the Trustee's Complaint, and the Trustee does not attempt to argue that she would suffer any prejudice if this proceeding were transfer to a venue closer to the actual witnesses and events and to a court more likely to be familiar with the substantive law at issue.  Furthermore, the Trustee's argument that DC Solar Solutions, Inc. was registered to do business in Nevada is beside the point (and purposefully misleading), as it unquestionably is a California limited liability company headquartered and operated in California, (*see* Complaint, at ¶ 5), and the transfer at issue in this case occurred in 2015, two years before DC Solar Solutions, Inc. registered to do business in Nevada.  (*See* Complaint, at ¶¶ 22-24; Order Granting Trustee's Motion for Substantive Consolidation [Main Bankruptcy Case, ECF No. 2613], at ¶ 7:5.)  In other words, during the relevant time period, no part of this action had any relationship whatsoever with Nevada and was based entirely in California.

Given the undisputed facts that the events underlying the Trustee's Complaint occurred in California, a number of salient witnesses are in California, the real property underlying the suit is located in California and is the subject of an action in California, and the Complaint's only substantive claim is based on California law, transfer of this action to the Eastern District of California is appropriate.

(remainder intentionally blank)

## CONCLUSION

The Court should grant LBA's Motion, immediately withdraw the reference, and transfer venue of this action to the Eastern District of California.

Dated this 9th day of April, 2021.

                SEYFARTH SHAW LLP

                By: */s/ M. Ryan Pinkston*
                    M. RYAN PINKSTON, ESQ.
                    560 Mission Street, Suite 3100
                    San Francisco, California 94105

                and

                GARMAN TURNER GORDON LLP
                  TALITHA GRAY KOZLOWSKI, ESQ.
                  MARK M. WEISENMILLER, ESQ.
                  7251 Amigo Street, Suite 210
                  Las Vegas, Nevada 89119

                *Attorneys for LBA Realty Fund II-Company I, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2021, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system and that all participants in this case are registered CM/ECF users that will receive service through such system.

Dated this 9th day of April, 2021.

                                                                           */s/ M. Ryan Pinkston*

Garman Turner Gordon LLP
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
(725) 777-3000